476 A.2d 50

**HOSIERY CORPORATION OF AMERICA INC., Successor to Sleek Fit Hosiery Corporation, Appellant,**

v.

**Jerome RICH a/k/a Jerry Rich.**

Superior Court of Pennsylvania.

Argued March 6, 1984.

Filed May 18, 1984.

John Curtis Van Sciver, Bensalem, for appellant.

Arnold Dranoff, Philadelphia, for appellee.

Before ROWLEY, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

Plaintiff appeals from an order transferring its complaint in assumpsit/trespass from Bucks County to Philadelphia County on the basis of forum non conveniens. The appeal from an interlocutory order has been properly taken as of right, Pa.R.A.P. 311(c). Because the order has been entered based solely on preliminary objections and the answer thereto, we reverse and remand for further proceedings.

The preliminary objections filed by defendant raised (a) the pendency of a prior action, (b) a question of venue, (c) a demurrer raising the bar of an allegedly nonwaivable statute of limitations, and (d) a motion for a more specific pleading. The trial court made no determination as to (a), (c) or (d), above, but entered an order directing the Bucks County Prothonotary to certify and transmit the file to the Philadelphia County Court of Common Pleas, based on a finding of forum non conveniens. This was error.

The trial court stated in its opinion accompanying the order of transfer that "[t]here is no doubt that venue is legally proper." We agree, inasmuch as the within action was brought in the county in which the defendant had been properly served. Pa.R.Civ.P. 1006(a). Since the venue was indeed proper, defendant was precluded from utilizing the

474

device of preliminary objections to secure a transfer. Rule 1006(e) provides, in pertinent part:

(e) *Improper* venue shall be raised by preliminary objection and if not so raised shall be waived.

(emphasis added).

Although plaintiff properly argued this point to the trial court in its Memorandum Contra Defendant's Preliminary Objections, the issue was inexplicably not urged on appeal. Nevertheless, we conclude that where all parties agree that venue is proper, the device of preliminary objections may not be used to raise a forum non conveniens argument.

This is so because the trial court is prohibited from receiving evidence outside the pleadings, under these circumstances,[1] in disposing of preliminary objections. A transfer under Rule 1006(e) is for the court to direct, and can be made automatically once improper venue is ascertained without any need for a hearing on "convenience." *United States Cold Storage Corp. v. Philadelphia,* 431 Pa. 411, 419, 246 A.2d 386, 390 (1968).

Where venue is proper, as in the instant case, the proper procedure falls under Rule 1006(d), which provides:

For the convenience of parties and witnesses the court *upon petition of any party* may transfer an action to the appropriate court of any other county where the action could originally have been brought.

(emphasis added).

■ It is clear that discretion is vested in the trial judge in determining whether or not to grant a petition brought under Rule 1006(d). A plaintiff's right to choose his forum will only be disturbed for weighty reasons. *Walker v. Ohio River Company,* 416 Pa. 149, 205 A.2d 43 (1964). Rule 1006(d) will only be utilized where it is apparent that it will be more convenient for the parties and/or the witnesses to change the forum. *Tarasi v. Settino,* 223 Pa.Super. 158,

**1.** This is not a case where new issues of fact have been raised necessitating the taking of testimony before the propriety of the venue can be determined. *See,* 2 Goodrich-Amram 2d § 1028(c): 2, pp. 250–256.

298 A.2d 903 (1972). And the court must find that the transfer is more convenient for *both* parties to the action or for the witnesses. *Nicolosi v. Fittin,* 434 Pa. 133, 135, 252 A.2d 700, 701 (1969).

For all the above reasons, we conclude that a proper procedure under Rule 1006(d) necessarily implicates the requirements for petition and answer set forth in Pa.R. Civ.P. Rules 206 through 209, including the taking of evidence by deposition or otherwise on disputed issues of fact. This was not done in the instant case. While it is true that the depositions of two of the officers of the plaintiff corporation were, in fact, taken on January 27, 1982, well after the preliminary objections and answer thereto were filed in this case, it is not clear from an examination of the Notice(s) of Oral Deposition filed what the purpose of that action may have been. In any event, our review of the deposition testimony satisfies us that the officers were *not* deposed on the issue of the "convenience" of the parties or witnesses as to a transfer to Philadelphia County, the only issue on this appeal.

Because the trial court did not have before it a petition and answer conforming to Pa.R.Civ.P. 206, and because no evidence was presented upon which it could attempt to exercise its discretion relating to the convenience of the parties or the witnesses, we are required to reverse the order granting transfer and remand the case to the Bucks County Court for further proceedings consistent with this opinion.

We, of course, offer no opinion as to the propriety of any future action seeking transfer, since this must necessarily depend upon the averments, answers, and proof submitted to the trial court in accordance with the Rules of Civil Procedure.

Order reversed and case remanded with a procedendo.

Jurisdiction relinquished.