524 A.2d 1380

**Jonathan KORN, Appellant,**

**v.**

**MARVIN FIVES FOOD EQUIPMENT CORPORATION, Cleveland Range, Inc., Foxcroft Square Pavilion, Inc., t/a Benjamin Fox Pavilion a/k/a Foxcroft Square Company and Norman Goldstein, Appellees.**

Superior Court of Pennsylvania.

Argued March 12, 1987.

Filed April 23, 1987.

560

Larry Glass, Philadelphia, for appellant.

Anne Matchulet, Philadelphia, for Marvin Fives, appellee.

Robert E. Hall, Philadelphia, for Cleveland, appellee.

Before McEWEN, MONTEMURO and ROBERTS, JJ.

MONTEMURO, Judge:

Jonathan Korn, plaintiff/appellant, takes this appeal from the Order transferring his cause of action from Philadelphia to Montgomery County on the ground of *forum non conveniens.*

Plaintiff/appellant filed his complaint in the Philadelphia Court of Common Pleas on March 26, 1986 against Marvin

Fives Food Equipment Corp., Cleveland Range, Inc. (hereinafter Cleveland Range), Foxcroft Square Pavilion, Inc., t/a Benjamin Fox Pavilion, a/k/a Foxcroft Square Company (hereinafter Foxcroft) and Norman Goldstein. Marvin Fives is a Pennsylvania corporation with its office in Philadelphia; Norman Goldstein is a Philadelphia resident; Foxcroft is a Pennsylvania corporation with its office in Jenkintown, Montgomery County and Cleveland Range, Inc., is an Ohio corporation doing business in Pennsylvania.

Plaintiff/appellant alleged in his complaint that Marvin Fives sold a food steamer, manufactured by Cleveland Range, to the Renaissance Restaurant located at the Foxcroft premises in Jenkintown, Montgomery County. Norman Goldstein, it is alleged, installed the steamer. On May 9, 1984, the steamer exploded and plaintiff/appellant, an employee at the restaurant, was seriously injured. Plaintiff/appellant's cause of action is founded on product liability.

On March 13, 1986, approximately two weeks before plaintiff/appellant filed his lawsuit in Philadelphia, a lawsuit was filed in the Court of Common Pleas of Montgomery County in connection with the same accident that is the subject matter of plaintiff/appellant's lawsuit in Philadelphia County. The plaintiffs in the Montgomery County action are: Gerald Nabit, Gary Nabit, Renaissance at the Pavilion, Inc., and Switchville Tavern, Inc., and the named defendants are: Marvin Fives Food Equipment Corp., Foxcroft Square Apartment, Inc.,[1] Foxcroft Square Pavilion, Inc., Foxcroft Square Company, a Partnership, Norman Goldstein and Cleveland Range Company, Inc. The plaintiffs in the Montgomery County case allege property damage as well as personal injuries arising out of the explosion of the food steamer at the Renaissance Restaurant.

Defendant/appellee, Cleveland Range, filed a motion to transfer under Pa.R.C.P. 1006(d)(1), requesting a transfer of the action to Montgomery County for the convenience of

1. We note that Foxcroft Square Apartment, Inc., is not a defendant in the Philadelphia lawsuit.

the parties and witnesses.[2] Subsequently, the motion to transfer was joined by the other defendants, with the exception of Norman Goldstein. The motion to transfer was granted and plaintiff/appellant's timely filed motion for reconsideration of the transfer Order was denied. This appeal followed.

Plaintiff/appellant has presented essentially only one claim for our review. He claims that because defendants/appellees presented no evidence upon which the trial court could have concluded that the parties and witnesses would be inconvenienced if the action remained in Philadelphia, the order transferring the action to Montgomery County solely on the basis of the motion and answer and the existence of a similar action in Montgomery County constituted an abuse of discretion. We agree and therefore reverse.[3]

In a recently filed unanimous panel opinion of this court, *Satterlee Petty v. Suburban General Hospital, et al.,* —— Pa.Super. ——, 525 A.2d 1230, 1231–1233 (1987), we set forth certain legal principles which are just as applicable here:

> Pa.R.C.P. 1006(d)(1) provides: 'For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.'

> In *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 158 (3d Cir.1980), the court stated that Pennsylvania cases dealing with *forum non conveniens* have mirrored federal law in all essential respects.

**2.** Cleveland Range also requested the trial court to consolidate the two actions, which the court quite properly we believe, refused to do. The court's denial of the request to consolidate has not been appealed and is not before us.

**3.** An order changing venue, although interlocutory, is appealable. Pa.R.A.P. 311(c) provides: "An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles." Consequently, the order transferring venue is properly before this court for our review.

Opinions of the Pennsylvania Supreme Court have adopted almost verbatim the factors to be considered that are set out in *Gilbert* and *Koster:* scope of trial court discretion, and standard of appellate review. *See Rini v. N.Y. Central R. Co.,* 429 Pa. 235, 240 A.2d 372 (1968); *Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960). The section of the Restatement regarding *forum non conveniens,* on which the Pennsylvania Courts also rely, in turn relies on their major federal cases. *See* Restatement (2d) Conflict of Laws § 84 note (1971).

*Id.* at n. 20. The *Reyno* court, relying on *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) and *Gulf Oil Corp. v. Gilbert,* 330 U.S. [501] at 507, 67 S.Ct. [839] at 842 [91 L.Ed. 1055 (1947)], also said:

A plaintiff is generally conceded the choice of forum so long as the requirements of personal and subject matter jurisdiction, as well as venue, are satisfied. He should not be deprived of the advantages presumed to come from that choice unless the defendant clearly adduces facts that "either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." [21] A court must balance these private and public interest factors, "[b]ut unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." [22]

[21] *Koster,* 330 U.S. at 524, 67 S.Ct. at 832.
[22] *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843.

*Id.* at 159.

When exercising its discretion on a motion to transfer for the convenience of the parties and witnesses, the court should consider those elements which affect the private interests of the litigants which include: the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the

cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be a question as to the enforceability of a judgment if one is obtained. The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law. *Gilbert,* 330 U.S. at 508–09, 67 S.Ct. at 843; *Rini v. N.Y. Central R. Co.,* 429 Pa. 235, at 239, 240 A.2d 372 at 374, (1968); *Plum v. Tampax, Inc.,* 399 Pa. 553, 560–61, 160 A.2d 549, 553 (1960).

The rule, Pa.R.C.P. 1006(d)(1), vests the trial judge with considerable discretion in determining whether or not to grant a petition for change of venue and the standard of review is one of abuse of discretion. We will only disturb the trial judge's order if we find an abuse of discretion. *Walker v. Ohio River Co.,* 416 Pa. 149, 205 A.2d 43 (1964); *Ernest v. Fox Pool Corp.,* 341 Pa.Super. 71, 491 A.2d 154 (1985); *Hosiery Corporation of America v. Rich,* 327 Pa.Super. 472, 476 A.2d 50 (1984); *Fox v. Pennsylvania Power and Light Co.,* 315 Pa.Super. 79, 461 A.2d 805 (1983); *Daugherty v. Inland Tugs Co.,* 240 Pa.Super. 527, 359 A.2d 465 (1976).

Although the standard of review is one of discretion, "if the trial court has not held the defendant to the proper burden or has clearly erred in weighing the factors to be considered, the equivalent of an abuse of discretion has been demonstrated. Discretion must be exercised within the applicable standards. The district court's wide discretion may not serve the defendants as a burden shifting device on appeal from an order in their favor." *Reyno v.*

*Piper Aircraft Co.*, 630 F.2d [149] at 160 [3rd Cir.1980] (citations omitted).

"A change of venue 'is not granted lightly or without real necessity' and the applicant bears the burden of proving that the change of venue is necessary." *Pennsylvania Power & Light v. Gulf Oil*, 270 Pa.Super. 514, 529, 411 A.2d 1203, 1211 (1979).[3]

In *Hosiery Corporation of America v. Rich*, 327 Pa. Super. 472, 475, 476 A.2d 50, 51, this court held that "a proper procedure under Rule 1006(d)(1) necessarily implicates the requirements for petition and answer set forth in Pa.R.C.P. Rules 206 through 209, including the taking of evidence by deposition or otherwise on disputed issues of fact."[4] The trial court must find that the transfer is more convenient for *both* parties to the action or for the witnesses. *Nicolosi v. Fittin*, 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (emphasis in original).

[3] Although the application for change of venue in *Pennsylvania Power & Light v. Gulf Oil* was brought pursuant to the provision of the Act of March 30, 1875, P.L. 35, §§ 1–3, as *amended,* Act of March 18, 1909, P.L. 37, § 1, 12 P.S. §§ 111–113 (1953), repealed June 27, 1980, see Judiciary Repealer Act, Act of April 28, 1978, P.L. 202, No. 53, 42 Pa.C.S. §§ 20002(a) [657], 20004(b), more particularly, the fifth subsection of section 1 and subsections I and III of section 3, and replaced by section 5106 of the Judicial Code, No. 142, 42 Pa.C.S. 5106, we perceive no reason to say that the law should be different in petitions for transfer under Pa.R.C.P. 1006(d)(1). Since plaintiff's choice of forum is of paramount consideration in a 1006(d)(1) petition, it is only logical that defendant carry the burden of proof. We note further, that with the repeal of the Act of March 30, 1875, the rules of procedure were amended with the addition of Rule 1006(d)(2), which provides for a change of venue 'where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for the reasons stated of record.' See Explanatory Comments 1982 to Pa.R.C.P. 1006.

[4] The defendants/appellees improperly labeled their request for a transfer as a "motion" rather than a "petition", as called for in the rule. We shall nevertheless construe it as a petition.

We note that in the case *sub judice*, Cleveland Range also labeled its request for transfer a "Motion" rather than a "Petition."

Applying the above principles to this case, we are compelled to conclude that the trial court abused its discretion in transferring the action to Montgomery county.

In its motion to transfer, defendant/appellee Cleveland Range alleged in pertinent part that: the vast majority of the witnesses in both the Philadelphia Lawsuit and the Montgomery County law suit reside in Montgomery County; that both lawsuits concern common issues of fact and of law with respect to negligence and strict liability; that both lawsuits arise from the same accident; that Montgomery County is the more convenient forum for the lawsuit begun in Philadelphia; and that each of the four defendants is represented by the same counsel in both lawsuits.

Plaintiff/appellant in his answer to transfer motion denied that the vast majority of witnesses reside in Montgomery County and that the more convenient forum was Montgomery County. Plaintiff/appellant also alleged in his answer that although there were similarities in the two complaints, there were also a great many differences. Further plaintiff/appellant alleged that Philadelphia was the more convenient forum and that there should be no consolidation with the Montgomery County action. Plaintiff/appellant, in New Matter, alleged that discovery was necessary for the motion to be decided; that all the individual plaintiffs reside in Philadelphia; that the movants' attorneys are located in Center City Philadelphia along with plaintiff/appellant's attorney; that the movants' expert witness is from Cleveland, Ohio; that the accident site is physically closer to the Philadelphia Court of Common Pleas than it is to the Montgomery County Courthouse by nearly 20 minutes travel time; that plaintiff/appellant's injuries were treated in Philadelphia and that his expert witness is on the border of Philadelphia and Montgomery Counties. Defendant/appellee then denied each and every allegation contained in the new matter.

Contrary to the rule set forth in *Hosiery Corporation of America v. Rich,* 327 Pa.Super. 472, 475, 476 A.2d 50, 51 (1984), the trial court granted the transfer without the taking of evidence by deposition or otherwise on disputed issues of fact. Nor did the trial court make a finding that the transfer was more convenient for *both* parties to the

action or their witnesses. *See Nicolosi v. Fittin,* 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (Emphasis in original).

We refuse to sanction the transfer of a cause of action premised on the convenience of the parties or witnesses on the mere allegation, specifically denied by plaintiff/appellant, of the petitioner. Since the trial court had no *evidence* of convenience of parties or witnesses, it must have relied solely on the fact that there was a pending action in Montgomery County "... which invokes substantially the same claim...." (Trial Court Opinion at 3). We find no basis in the law for such a transfer; indeed, if that were the law, the paramount rule that "a plaintiff's choice of forum is entitled to weighty consideration and should not be lightly disturbed," *Fox v. Pennsylvania Power and Light Company, supra,* would be effectively negated whenever another plaintiff filed a complaint on facts arising out of the same incident in a different county. Such a result would be ludicrous.

In *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 158 (3rd Cir.1980), we find further instruction:

> The party seeking the transfer must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover. The emphasis must be on this showing rather than on numbers. One key witness may outweigh a great number of less important witnesses. If a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied.

*Id.* at 160, 161 (citations omitted). Here, the trial judge without any discussion of such a showing and without any reference to the elements which affect the private interests of the litigants or the public interest, merely granted the motion to transfer on the basis of the pleadings and the various memoranda of law in support of and opposed to the transfer.

Defendant/appellee, Cleveland Range, had the opportunity to prove by competent evidence that a transfer of the

cause of action from Philadelphia County to Montgomery County would best serve the convenience of the parties or witnesses. It failed completely. That being so, the trial judge had no reliable information to use in weighing the convenience of the parties and witnesses, and consequently his grant of the transfer motion was an abuse of discretion. We reverse.

Order reversed. Jurisdiction is relinquished.