**Jennings v. Sears Roebuck and Company**

*Joyce Ullman*, for plaintiffs.
*Steven M. McManus*, for defendant.

MANFREDI, *J.*, May 21, 1993—

This case presents an appeal from our February 24, 1993, order granting moving defendant, Sears, Roebuck and Co.'s, petition to transfer venue to Montgomery County on the basis of *forum non conveniens.*[1]

In this personal injury action, plaintiff is seeking damages for injuries sustained when a metal watchband sold by defendant allegedly snapped back from an outstretched position and lacerated his wrist. Moving defendant petitioned for a transfer of venue pursuant to 42 Pa.C.S. §1006(d) based upon *forum non conveniens.* This court granted defendant's petition and transferred this matter to Montgomery County, Pennsylvania for the convenience of the parties and witnesses involved. This appeal followed.

The relevant facts can be briefly summarized. The watch in question was purchased by plaintiff at defendant's Montgomery County store. The incident occurred in Montgomery County in the presence of Montgomery County residents. Plaintiff's sole medical providers, Abington Memorial Hospital and Dr. Joseph J. Thoder, are both located in Montgomery County. Plaintiffs themselves are residents of Montgomery County.

While venue is proper in Philadelphia County,[2] venue is also appropriate in Montgomery County.

*"Rule 2179. Venue*

"(a) Except as otherwise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against

---

1. Rule 1006(d), Pennsylvania Rules of Civil Procedure.

2. Defendant has a registered agent in Philadelphia and regularly conducts business in Philadelphia.

a corporation or similar entity may be brought in and only in:

"(1) the county where its registered office or principal place of business is located;

"(2) a county where it regularly conducts business;

[*Note:* See Rule 2198.]

"(3) the county where the cause of action arose; or

"(4) a county where a transaction or occurrence took place out of which the cause of action arose."

Where venue is proper, as here, the proper procedure to secure a transfer under *forum non conveniens* is by petition. *Hosiery Corporation of America, Inc. v. Rich,* 327 Pa. Super. 472, 476 A.2d 50 (1984). This court recognizes that plaintiff's choice of forum shall be given great weight and that defendant has the burden in asserting a challenge to plaintiffs' choice of venue. *Walker v. Ohio River Co.,* 416 Pa. 149, 205 A.2d 43 (1964); *Marks v. Food Fair Stores Inc.,* 75 D.&C.2d 113 (Phila. 1975). Nonetheless, this court is vested with discretion in determining whether or not to grant a petition to transfer venue pursuant to Rule 1006(d)(1). *Hosiery, supra* at 474, 476 A.2d at 51. Section 1006(d)(1) allows this court to transfer an action for the convenience of parties and/or witnesses to the appropriate court in any county where the action could have originally been brought. *Tarasi v. Settino,* 223 Pa. Super. 158, 298 A.2d 903 (1972).

Section 1006(d)(1) provides in relevant part:

"For the convenience of the parties and witnesses, the court upon petition from any party may transfer any action

to the appropriate court of any other county where the action could originally have been brought."

*In determining whether to transfer an action on the basis of forum non conveniens,* this court must carefully consider all the interests involved and be cognizant of the weight to be given to plaintiff's choice of forum. Among the factors to be considered by the court are:

"[T]he relative ease of access to the sources of proof; the availability of compulsory process for the attendance of unwilling witnesses; the cost of obtaining the attendance of willing witnesses; the possible need for a view of the premises, if such would be appropriate to the action; and all other practical problems that make trial of a case expeditious and inexpensive...." *Ernest v. Fox Pool Corp.,* 341 Pa. Super. 71, 72, 491 A.2d 154, 155 (1985) ( quoting *Daugherty v. Inland Tugs Co.,* 240 Pa. Super. 527, 359 A.2d 465 (1976)).

Here, plaintiffs reside in Montgomery County. Plaintiff purchased the product at defendant's store which is located in Montgomery County. The accident itself occurred in Montgomery County. Plaintiff received all of his medical treatment in Montgomery County and all potential witnesses reside in Montgomery County. The only connection this case has to Philadelphia is that defendant has a registered agent and regularly conducts business in Philadelphia.

In light of the venue of all the witnesses, and the various factors presented by movant and respondent in their respective filings, we conclude that the Montgomery County forum will be less costly and will make the attendance of willing witnesses easier. There simply are insufficient

contacts with Philadelphia presented here to oblige this court to maintain this case in Philadelphia.

There presently exists a substantial backlog of civil cases in the Philadelphia Common Pleas Court system. As noted by the court in *Dallas v. Orthopedic Associates et al.*, 22 Phila. 286 (1991):

"Perhaps the most compelling factor at this point in time is the public interests that have to be considered when a case is transferred for having insufficient contacts with a jurisdiction. If we were to allow these types of actions to be brought in Philadelphia's already congested courts instead of being handled where they originated, it will compound an already overwhelmed legal system. Also, jury duty is a burden that ought not be imposed on people of a community which has no relationship to the litigation. (citations omitted) It is impossible to ignore the overwhelming burden that presently exists in the Philadelphia Court of Common Pleas with approximately 45,000 civil cases pending. *Boyle v. Chester County Mut. Insurance Co. et al.*, 21 Phila. 1 (1990)." *Id.* at 292. Transfer of this case alone will not alleviate the backlog that now exists in the Philadelphia Courts of Common Pleas, but it is a step that must be taken.

It is within this court's discretion to transfer a case from Philadelphia to another county where both forums were originally appropriate. *Caplan v. Keystone Weaving Mills Inc.*, 431 Pa. 407, 246 A.2d 384 (1968); *Tarasi, supra.* In view of the above factors it is submitted that Philadelphia County is *not* the appropriate forum for "the convenience of the parties and witnesses" in this case. This action could have been brought originally in Montgomery County. In the interests of justice, this court has transferred the action to that county.