J-A21030-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HELEN ESBENSHADE, ESQUIRE ADMINISTRATRIX AND PERSONAL REPRESENTATIVE OF THE ESTATE OF ADYLBEK MURATALIEV, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALPHA CONTRACTING III, LLC, KG CONSTRUCTION, ALLEGHENY POWER, ALLEGHENY ENERGY, WEST PENN POWER COMPANY, FIRST ENERGY CORPORATION, TRANZSPORTER, TIE DOWN ENGINEERING, INC., FAITH ALLIANCE CHURCH, AND THE WESTERN PENNSYLVANIA DISTRICT OF THE CHRISTIAN AND MISSIONARY ALLIANCE | |
| Appellees | No. 447 EDA 2014 |

Appeal from the Order Dated January 27, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): September Term, 2013 No. 1552

BEFORE:  BOWES, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 02, 2014**

Helen Esbenshade, Esq., Administratrix and Personal Representative of the Estate of Adylbek Murataliev, deceased (Esbenshade), appeals from the order entered January 27, 2014 in the Court of Common Pleas of Philadelphia County, granting the preliminary objections of defendants West

_____

[*] Retired Senior Judge assigned to the Superior Court.

Penn Power, First Energy Corporation and Allegheny Energy, Inc. (collectively "West Penn") and transferring the instant matter to Indiana County on the basis of *forum non conveniens*. After a thorough review of the submissions by the parties, relevant case law, and the certified record, we affirm.

We adopt the brief statement of the case as related in Esbenshade's brief.

> This case arises out of an incident which occurred on September 19, 2011, wherein [Esbenshade's] Decedent, Mr. Adylbek Murataliev, was properly and lawfully engaging in construction and/or roofing services at the Faith Alliance Church in Saltsburg, Pennsylvania, and was required to use a TranzSporter roofing hoist, model number LH4000, to complete his assigned duties and tasks. On the time and date aforesaid, Mr. Murataliev and two other co-workers, Joomart Toktobaev and Ulukbek Dzhumaliev, were using the roofing hoist, when suddenly and without warning, the hoist moved and made contact with a 12 kV overhead electrical power line, which was installed and maintained in very close proximity to the Faith Alliance Church building. As a result of the TranzSporter roofing hoist making contact with the live 12 kV overhead electrical power line, Mr. Murataliev was electrocuted and died.
>
> Additionally, Messrs. Toktobaev and Dzhumaliev were also severely injured in the incident and both individuals have filed their own lawsuit under the caption, <u>Toktobaev v. Alpha Contracting III, LLC, et al.</u>, September Term 2013, No. 537 (Philadelphia County). Importantly, the lawsuit filed by Messrs. Toktobaev and Dzhumaliev involves the exact same Defendants, as well as the same allegations of negligence. However, unlike this matter, the Toktobaev case is currently venued in Philadelphia County.

Esbenshade's Brief at 4-5.

Procedurally, West Penn filed preliminary objections to Esbenshade's complaint, claiming, in relevant part, that venue in Philadelphia was improper and in the alternative, the matter should be transferred to Indiana County based on *forum non conveniens*. Esbenshade responded, in relevant part, by arguing that the issue of *forum non conveniens* is not a proper subject of preliminary objections. *See* Pa.R.A.P. 1028(a)(1) Note.

By order of November 22, 2013, the trial court ordered an argument and evidentiary proceeding on Defendants' Preliminary Objections questioning venue. The hearing was scheduled for January 24, 2014. The order also authorized the parties to conduct discovery on the issue, with the trial court accepting affidavits, depositions or upon good cause, live testimony on the issue. *See* Order, 11/22/2013.

Substantially similar, if not identical, preliminary objections were filed by West Penn in the lawsuit involving the co-workers. Those preliminary objections were assigned a different judge, The Honorable Frederica Massiah-Jackson, for disposition. On January 17, 2014, one week prior to the argument in the instant matter, venue in Philadelphia was affirmed in the co-workers' lawsuit.

At the January 24, 2014 argument in the present matter, the trial court took evidence, without objection, on both the issues of venue and *forum non conveniens*. Subsequently, the trial court sustained the preliminary objections on the grounds of *forum non conveniens*.

Esbenshade filed a 530-page motion for reconsideration that was denied. This appeal followed.[1]

The trial judge, the Honorable Marc I. Bernstein, provided the following succinct reasoning for the transfer of the matter in his Pa.R.A.P. 1925(a) Opinion:

> The instant case arises out of an accident that occurred in Indiana County which is about 300 miles away from Philadelphia. Both the roof and the power lines at issue are located in Indiana County. All Defendants except one are located outside Philadelphia. Third parties who arrived after the accident occurred, including emergency responders, are located in Indiana County. If the case were tried in Philadelphia County, the Defendants, and other expected witnesses will be forced to incur significant travel expenses coming to Philadelphia.

Trial Court Opinion, 3/14/2014, at 3.

Esbenshade raised five questions in the Statement of Questions Involved in her Appellant's Brief. They are:

> 1) Whether the lower court abused its discretion, erred as a matter of law and/or exercised its judgment in a manifestly unreasonable manner by overruling another judge sitting in equal and coordinate jurisdiction, who overruled and struck down Preliminary Objections filed on the same grounds in another case involving the same parties and arising out of the same incident?
>
> 2) Whether the lower court abused its discretion, erred as a matter of law and/or exercised its judgment in a manifestly unreasonable manner by misapplying Pennsylvania law governing change of venue when it improperly granted

_____

[1] The trial court did not order a Pa.R.A.P. 1925(b) statement and none was filed.

- 4 -

Preliminary Objections on the basis of *forum non conveniens*, without following and adhering to Pennsylvania Rule of Civil Procedure 1006(d)[2] requiring a separate and properly filed petition to transfer venue?

3) Whether the lower court abused its discretion, erred as a matter of law and/or exercised its judgment in a manifestly unreasonable manner by transferring venue on grounds of *forum non conveniens* raised in Preliminary Objections when venue was properly established in Philadelphia County?

4) Whether the lower court abused its discretion and exercised its judgment in a manifestly unreasonable manner by transferring venue of the underlying case without giving proper deference and weight to [Esbenshade's] choice of forum?

5) Whether the lower court abused its discretion and exercised its judgment in a manifestly unreasonable manner by transferring venue of the underlying case without giving proper deference and weight to the fact that there were no facts on the record which clearly and properly established that [West Penn] would be inconvenienced, harassed and/or oppressed by [Esbenshade's] chosen forum of Philadelphia County?

Esbenshade's Brief at 3-4.

Although Esbenshade initially raised five questions for review, there were only four arguments developed substantively.

A. The Lower Court abused its discretion and erred as a matter of law by overruling a judge of coordinate jurisdiction.

B. The Lower Court abused its discretion and committed an error of law when it misapplied Pennsylvania law governing change of venue.

C. The Lower Court abused its discretion and exercised its judgment in a manner manifestly unreasonable by transferring

---

[2] The issue of Rule 1006(d) necessarily implies Pa.R.A.P. 1028 and 206.1 *et al*. regarding petitions.

venue of the case without giving proper deference and/or weight to: (1) [Esbenshade's] choice of venue; (2) the location of the party and expert witnesses; and (3) the location of the TranzSporter roofing hoist, model number LH4000.

D. The Lower Court abused its discretion and erred as a matter of law when it failed to obey and follow the Pennsylvania Rules of Civil Procedure's strict 1006(d) requirements.

*See* Esbenshade's Brief at i-ii.[3]

Esbenshade's first issue is that Judge Bernstein abused his discretion and/or committed an error of law by transferring this matter to Indiana County pursuant to *forum non conveniens*, thereby violating the coordinate jurisdiction rule.

As noted above, there is a separate, but related case, involving the injuries suffered by Murataliev's co-workers.[4]  Similar, if not identical, preliminary objections were filed by West Penn in that matter.  Judge Massiah-Jackson denied the preliminary objections in the related matter by Order dated January 17, 2014, finding appropriate venue in Philadelphia

_____

[3] The fact that Esbenshade listed six issues in the Statement of Question Involved, but raised only four in the argument section leads to some confusion, especially when the phrasing of the questions and arguments are different.  Our review of the argument section reveals the four questions argued relate to three of the questions initially listed.  Argument A relates to Question 1; arguments B and D relate to Question 2; and Argument C relates to Question 4.  Those Questions listed but not argued are waived. *See In re T.M.T.,* 64 A.3d 1119, 1122 n.2 (Pa. Super. 2013) (issues not discussed in argument section of brief are abandoned).

[4] There is another related case, but which has no impact on this appeal. That matter is a declaratory judgment action, *Atlantic Casualty Ins. Co. v. Dzhunusheliev*, 1312-02638.

County. At the argument, and now on appeal, Esbenshade argues that Judge Bernstein was compelled to follow Judge Massiah-Jackson's order pursuant to the coordinate jurisdiction rule.

We begin by noting our appropriate scope and standard of review.

> Review of an order regarding an exception to the coordinate jurisdiction rule, [. . .], is a question of law. Thus, our standard of review is de novo. To the extent necessary, our scope of review is plenary as this court may review the entire record in making its decision.

*Zane v. Friends Hospital*, 836 A.2d 25, 30 (Pa. 2003) (citations omitted).

The *Zane* decision also provided a definitive statement regarding the application of the coordinate jurisdiction rule.

> Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge.

*Id*. at 29.

As our Supreme Court explained, coordinate jurisdiction is implicated when a single matter is transferred between judges. Here, Esbenshade is seeking to apply coordinate jurisdiction to two related, but separate matters.[5] Therefore, the decision before us is not one that altered a

_____

[5] The instant matter was assigned the Court, Term and Number: 1309-01552 (2013, September, Number 1552). The matter before Judge Massiah-Jackson, *Toktobaev v. Alpha Contracting III, LLC, et al*, was docketed at 1309-00537. At the time of the appeal, the cases had not been consolidated and no motion for consolidation appeared on the docket.

previous decision from a transferor judge and the coordinate jurisdiction rule is not applicable. Accordingly, Esbenshade is not entitled to relief on this issue.

The issues found in Sections B and D are related and will be addressed together. These arguments claim the issue of *forum non conveniens* was improperly raised in preliminary objections and so the trial court should not have addressed the issue. Additionally, having done so, the trial court improperly proceeded without allowing Esbenshade the opportunity to conduct discovery as mandated by Pa.R.C.P. 1006(d). These issues have been waived.

Initially, we note that in the response to preliminary objections, Esbenshade argued that pursuant to Pa.R.C.P. 1028, the issue of *forum non conveniens* was not a proper subject for preliminary objections. The Note to Rule 1028 states:

> Of the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e). Forum non conveniens and inability to hold a fair and impartial trial are raised by petition as provided by Rule 1006(d)(1) and (2).

Pa.R.C.P. 1028 Note.

Preliminarily, it appears the issue has been preserved. However, at the January 24, 2014 argument the trial court asked counsel if the argument was "improper venue or *forum non conveniens*?" **See** N.T. Argument,

1/24/2014, at 5. Counsel for West Penn answered that both issues had been raised. Counsel for Esbenshade did not object.

Later, after Counsel for West Penn explained the venue argument, the trial court stated: "Okay. Continue with *forum non conveniens*. I understand your venue argument." ***Id***. at 8. Again, no objection to *forum non conveniens* was raised.

After West Penn finished its argument, counsel for Esbenshade responded.

Counsel: Good morning, Your Honor.

I'll do the best I can to kind of deal with some of the arguments that were made because, admittedly, some of these have been raised for the first time this morning. For example, I was just provided with four separate affidavits[6] about two minutes before Your Honor took the bench. And I haven't really had an opportunity to go through and analyze exactly what they say.

The Court: Do you want me to continue this until Monday?

Counsel: No. I'm happy to address them the best I can right now.

***Id***. at 18.

Counsel had the opportunity to object to the presentation of *forum non conveniens* evidence but did not. Additionally, the trial court gave counsel the opportunity to continue the argument to provide more time, but counsel declined.

---

[6] The affidavits addressed concerns of *forum non conveniens*.

Further, West Penn claimed although the *forum* argument had been denied by Judge Massiah-Jackson in the co-workers case on the grounds it had been improperly raised in preliminary objections, he nonetheless believed he could raise the issue in preliminary objections as an alternative to the venue question.[7]  Counsel for Esbenshade did not object.  ***See*** N.T. Argument, 2/24/2014 at 22-23.

Finally, as the argument concluded, counsel for Esbenshade actively argued the issue of *forum non conveniens*.

> COUNSEL: So we have three workers, we have a defendant located in Philadelphia County, and we have a defendant located in Atlanta, Georgia.  So we have two defendants that I think Philadelphia would in fact be a more convenient forum than Indiana County, as compared to some of the other defendants that would claim otherwise.
>
> And, again, I have not had a chance to look at any type of detail in the affidavits that I was just presented with, but –
>
> THE COURT: Do you want me to bring you all back on Monday so that you have an opportunity to review the evidence that was first presented today?
>
> COUNSEL: No.  I'm confident on the papers, Your Honor, that we have sustained our burden to win on both venue and forum non conveniens.
>
> And, again, I think for the convenience of the litigation going forward, where we already have the other two claim with the

---

[7] Counsel for West Penn made this assertion at argument as well as in Appellee's Brief, but has provided no citation to support the claim.  We are not aware of any authority specifically allowing *forum non conveniens* to be argued in the alternative in preliminary objections.

same arguments made and rejected by the Court, I think for the convenience of this litigation going forward that this case should be maintained here in Philadelphia County as well because certainly these cases will be consolidated at some point, if not in the very near future.

*Id*. at 31-32.

The record demonstrates conclusively that Esbenshade had multiple opportunities to object to the presentation of evidence regarding *forum non conveniens*, but failed to do so. Additionally, counsel twice refused a continuance, and argued the substance of the issue before the trial court. We do not believe that Esbenshade can now complain the issue should not have been addressed. Accordingly, we find this procedural objection to be waived.

Included in the argument regarding the application of Rule 1028 and 1006 is the claim that trial court erred in failing to obey the requirements of Pa.R.C.P. 1006(d) without allowing the opportunity to conduct discovery.[8]

This aspect of the issue has also been waived. First, we note that the order scheduling the argument specifically allowed for discovery. However, the order only specifically mentioned venue, not *forum non conveniens*, therefore, we will allow for reasonable miscommunication regarding the limits of discovery.

---

[8] While Rule 1006(d) does not specifically mention discovery, case law applying Rule 1006(d) notes that Rules 206.1, etc. are necessarily implied. ***See Hosiery Corp. of America, Inc. v. Rich***, 476 A.2d 50, 51 (Pa. Super. 1984), citing prior Rules 206-209.

Nonetheless, at argument both parties participated in the discussion of *forum non conveniens* and counsel for Esbenshade twice declined continuances on the issue, never requested discovery, and specifically went forward with the argument on the strength of the submitted affidavits and other documentation. Because the issue was not preserved with the lower court, it has been waived.

Esbenshade's final argument claims the trial court improperly weighed the evidence in transferring the case to Indiana County.[9] This issue was never raised before the trial court and is, therefore, waived.[10] ***See*** Pa.R.A.P. 302(a) (issues may not be raised for the first time on appeal). Accordingly, Esbenshade is not entitled to relief on this issue.

Because the coordinate jurisdiction rule is not implicated in this matter and all other issues have been waived, we affirm the order transferring this matter to Indiana County based on *forum non conveniens*.[11]

---

[9] We include in this issue the argument from Section D 2, which claims the trial court improperly credited the self-serving evidence presented by West Penn.

[10] The only issue preserved in Esbenshade's motion for reconsideration addressed the application of the coordinate jurisdiction rule.

[11] Because we were not required to address the merits of the trial court's decision on forum, we need not address the application of ***Cheeseman v. Lethal Exterminator, Inc.***, 701 A.2d 156 (Pa. 1997), and our Supreme Court's most recent discussion of *forum non conveniens* found in ***Bratic v. Rubendall***, No. 21 EAP 2013 (August 18, 2014).

Order affirmed.

Judge Bowes files a concurring memorandum in which Judge Strassburger joins.

Judge Strassburger files a concurring memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/2/2014