J-A10037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LINAFLOR S. HIDALGO AND ROMEO A. HIDALGO, SR., W/H | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ZYKEEM FIELDS, WSFS FINANCIAL CORPORATION, AND WSFS BANK | : | No. 1895 EDA 2024 |
| | : | |
| PETITION OF: WSFS FINANCIAL CORPORATION AND WSFS BANK | : | |

Appeal from the Order Entered February 1, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No: 230902912

BEFORE:    PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 5, 2025**

WSFS Financial Corporation and WSFS Bank (together, "Appellants"), defendants in the trial court, appeal from the order of the Court of Common Pleas of Philadelphia County overruling their preliminary objection seeking dismissal on *forum non conveniens* grounds. After careful review, we affirm.

On September 28, 2022, Plaintiff Linaflor S. Hidalgo ("Mrs. Hidalgo") visited a WSFS Bank branch in Wilmington Delaware, where she withdrew $3000. **See** Trial Court Opinion, 6/6/24, at 2. As Mrs. Hidalgo was leaving the bank, she was attacked by Zykeem Fields. **See id.** Mrs. Hidalgo, and her husband, Romeo A. Hidalgo Sr. (together, "Appellees"), allege that Appellants'

---

[*] Retired Senior Judge assigned to the Superior Court.

negligence enabled Fields to remain on the premises, observe the amount of cash withdrawn, and subsequently assault Mrs. Hidalgo a short distance from the bank. *See id.* Appellees filed a complaint on September 27, 2023. *See* Complaint, 9/27/23, at ¶ 1. On October 30, 2023, Appellants filed preliminary objections arguing, among other things, that the case should be dismissed for *forum non conveniens*. *See* Preliminary Objections of Defendants, 10/30/23, at ¶ 28.

Appellants styled their preliminary objection regarding *forum non conveniens* "Preliminary Objection No. 2, or, in the Alternative, Motion to Dismiss Plaintiffs' Complaint for *Forum Non Conveniens* and/or Improper Venue." *Id.* at ¶ 28. However, and importantly, at no point in that filing did Appellants aver that venue was improper. *See id.* at ¶¶ 28-47.

Appellees filed a response opposing Appellants' preliminary objections on November 17, 2023, averring that Pennsylvania Rules of Civil Procedure 1006(d)(1) and 1028 mandated the trial court overrule the objection because Rule 1006 requires the filing of a petition to raise the issue and Rule 1028, which governs proper bases for filing a preliminary objection, does not include *forum non conveniens* among the enumerated bases. *See* Plaintiffs' Response in Opposition to the Preliminary Objections of Defendants, 11/17/23, at ¶¶ 29-30.

Appellants filed a surreply on November 22, 2023, averring that Appellees' response incorrectly relied on the Rule 1006(d) standard for **intra**state *forum non conveniens* and that the proper rule for **inter**state *forum*

- 2 -

*non conveniens* is specified under 42 Pa.C.S. § 5322(e). **See** Surreply in Support of the Preliminary Objections of Defendants, 11/22/23, at 2-3.[1]

Appellees filed their surreply on December 1, 2023, responding to Appellants' assertion that they failed to point to any authority regarding interstate *forum non conveniens* by averring that they cited **Mallory v. Norfolk Southern Railway Co.**, 600 U.S. 122, 143 (2023), for the proposition that Pennsylvania courts may exercise personal jurisdiction over foreign corporations registered to do business in the state.[2] **See** Plaintiffs' Sur-reply[3] in Supplementation to Plaintiffs' Response in Opposition to the Preliminary Objections of Defendants, 12/1/23, at 5-6 (unpaginated); **see also** Plaintiffs' Response to Preliminary Objections, 11/17/23, at ¶ 29. Appellees then asserted, without citation to law, that "it [wa]s in the 'interest of substantial justice' for this case to remain in Pennsylvania" because

---

[1] Appellants filed another surreply on December 21, 2023. However, the December surreply is materially identical to the November surreply, including the text "Date: November 22, 2023" opposite the signature block. **Compare** Surreply in Support of the Preliminary Objections of Defendants, 11/22/23, at 3 **with** Surreply in Support of the Preliminary Objections of Defendants, 12/21/23, at 3 (lacking any material differences).

[2] Personal jurisdiction is distinct from *forum non conveniens*, as the latter allows the court to transfer a case **when jurisdiction and venue are proper**. **See, e.g.**, **Alford v. Phila. Coca-Cola Bottling Co.**, 531 A.2d 792, 793-94 (Pa. Super. 1987).

[3] Appellants spelled it "surreply" in their filings, but Appellees spelled it "sur-reply" in theirs. We note that either is proper. **See Surreply**, Black's Law Dictionary (12th ed. 2024) ("[s]ometimes written *sur-reply*").

Appellants should not have been allowed to "reap the benefits of this Commonwealth" without being "haled to court in this Commonwealth." Plaintiffs' Sur-reply, at 7.

The trial court overruled Appellants' preliminary objection in an order on January 8, 2024. *See* Order, 1/8/24, at 1. After the trial court denied Appellants' motion to certify the order for interlocutory review, Appellants filed a petition for review with this Court. *See* Order, 2/1/24. We directed the trial court to file an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), detailing its reasoning for overruling the objection. *See* Order, 5/16/24.

The trial court filed its opinion on June 6, 2024, explaining that it overruled the Appellants' objection as to *forum non conveniens* because that claim: (1) was raised in a procedurally defective manner; (2) was not supported by sufficient evidence; and (3) did not warrant dismissal when the relevant private and public factors were considered. *See* Trial Court Opinion, 6/6/24, at 3. The trial court explained its reasoning, in relevant part, as follows:

> Before weighing the relevant private and public factors, the court
> addressed two issues: whether a preliminary objection[4] on the

---

[4] Although styled as "Preliminary Objection No. 2, or, in the Alternative, **Motion to Dismiss Plaintiffs' Complaint for *Forum Non Conveniens*** and/or Improper Venue," Preliminary Objections of Defendants, 10/30/23, at ¶ 28 (emphasis added), the trial court treated Appellants' filing as preliminary objections only, and it did not consider the *forum non conveniens* claim pursuant to a motion or petition to dismiss.

basis of *forum non conveniens* is procedurally proper, and whether [Appellants] met their evidentiary burden in presenting the factual basis for their objection. First, [Pennsylvania Rule of Civil Procedure] 1028 [] provides that "[o]f the three grounds available to challenge venue, only improper venue may be raised by preliminary objection. . . . *Forum non conveniens* and inability to hold a fair and impartial trial are raised by petition as provided by Rule 1006(d)(1) and (2)." [. . .] Even before reaching the merits of [Appellants'] argument, the court faced this procedural defect, a technical obstacle to granting [Appellants'] preliminary objection. The [c]ourt may not dismiss a complaint for *forum non conveniens* unless properly petitioned pursuant to Rule 1006(d)(1)-(2). Crucially, Rule 1006(d)(2) contemplates both a petition *and a hearing* upon which the trial court may base its order. [. . .] Granting [Appellants'] preliminary objection would have been a clear error of law, as [the] Pennsylvania Rules of Civil Procedure distinguish between objections to venue and objections on the basis of *forum non conveniens* and attach to the latter a substantively distinct procedure calling for a petition and hearing to develop the factual record.

\* \* \*

Though the [c]ourt is vested with considerable discretion in resolving such a fact-based inquiry, it is also bound by the Pennsylvania Rules of Civil Procedure which require that defendants file a petition to transfer venue on the basis of *forum non conveniens* according to [Rule] 1006(d) and meet an explicit evidentiary burden. [. . . Appellants] failed [to meet] their procedural and evidentiary burdens, and the [c]ourt properly overruled the preliminary objection.

Trial Court Opinion, 6/6/24, at 5-7 (citations omitted).

On July 22, 2024, we granted Appellants' petition for review and transferred this matter to the instant docket number. **See** Order, 7/22/24, at 1. On appeal,[5] Appellants raise the following claims for our review:

_____

[5] Appellants purport to appeal from the order, entered by the trial court on January 29, 2024. **See** Petition for Permission to Appeal, 2/27/24, at 2. *(Footnote Continued Next Page)*

- 5 -

Did the trial court abuse its discretion and err as a matter of law in overruling [Appellants'] preliminary objections seeking dismissal on *forum non conveniens* grounds pursuant to 42 Pa.C.S. § 5322(e) where:

(1) [Appellants] met [the] burden of demonstrating that weighty reasons warranted dismissal as the private and public factors heavily favor dismissal, and

(2) [Appellees] waived the issue of a *forum non conveniens* challenge being raised in preliminary objections by failing to file preliminary objections to [Appellants'] preliminary objections thereby rendering the trial court's refusal to dismiss on the basis of procedural impropriety erroneous[?]

Appellants' Brief, at 4.

Our standard of review for a challenge to a trial court's decision of whether or not to dismiss a case on *forum non conveniens* grounds is as follows:

Orders on motions to dismiss under the doctrine of *forum non conveniens* are reviewed for an abuse of discretion. This standard applies even where jurisdictional requirements are met. Moreover, if there is any basis for the trial court's decision, the decision must stand.

An abuse of discretion occurs if, *inter alia*, there was an error of law or the judgment was manifestly unreasonable. When reviewing for errors of law, the appellate standard of review is *de novo* and the scope of review is plenary.

**Hovatter v. CSX Transp., Inc.**, 193 A.3d 420, 424 (Pa. Super. 2018)

(citations and quotation marks omitted).

---

Nevertheless, notice pursuant to Rule of Civil Procedure 236(b) was not entered in the trial docket until February 1, 2024. **See** Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the date on which the clerk makes the notation in the docket that written notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."). We have amended the caption accordingly.

Appellants' claims also require us to interpret the Pennsylvania Rules of Civil Procedure, for which our standard of review is as follows: "[T]he interpretation and application of a Pennsylvania Rule of Civil Procedure presents a question of law. [. . .] Accordingly, to the extent that we are required to interpret a rule of civil procedure, our standard of review is *de novo,* and our scope of review is plenary." **Barrick v. Holy Spirit Hosp.**, 32 A.3d 800, 808 (Pa. Super. 2011) (*en banc*) (citations and quotation marks omitted). Further, in interpreting the text of a rule, we are guided by the following consideration: "When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Only when the text of a rule is ambiguous may we consider other factors[.]" **Simone v. Alam**, 333 A.3d 359, 367 (Pa. Super. 2025) (citations and quotation marks omitted).

We first address whether it was procedurally proper for Appellants to file preliminary objections raising the issue of *forum non conveniens* rather than filing an independent petition arguing the same. Appellants contend the trial court erred in finding that Rules 1006(d) and 1028 preclude the use of preliminary objections as a vehicle for raising *forum non conveniens* because **inter**state *forum non conveniens* is governed by Section 5322(e); they also contend that Rule 1006(d) is only applicable to **intra**state *forum non conveniens*. **See** Appellants' Brief, at 47-48. Appellants further argue Appellees' claim relating to how the issue was raised is waived because they responded to the preliminary objections on the merits instead of filing their

preliminary objections to Appellants' preliminary objections to raise a challenge to how Appellants raised *forum non conveniens*. **See id.**

Appellees respond by pointing out that *forum non conveniens* may only be raised by **petition**, not preliminary objections. **See** Appellees' Brief, at 14. Appellees also argue that the trial court properly overruled the objection because it was procedurally defective, noting that they objected to this impropriety in their response. **See id.** at 15; **see also** Plaintiffs' Response, 11/17/23, at ¶ 29.

In their reply brief filed in this Court, Appellants argue that Appellees failed to properly object to the incorrect use of preliminary objections because, instead of filing a responsive preliminary objection, they substantively objected to the appropriateness of *forum non conveniens*. **See** Appellants' Reply Brief, at 2-4.

A defendant seeking dismissal of an action based on *forum non conveniens* under Section 5322(e) must follow the procedures set out in Rule 1006(d). **See Alford**, **supra** 531 A.2d at 795-96 (remanding for further proceedings where trial court granted motion to dismiss on *forum non conveniens* grounds without adhering to petition and answer procedure). Further, *forum non conveniens* may not be raised in preliminary objections. **See Hosiery Corp. of Am. v. Rich**, 476 A.2d 50, 50-51 (Pa. Super. 1984) ("[W]here all parties agree that venue is proper, the device of preliminary objections may not be used to raise a *forum non conveniens* argument"); **see also Hovatter**, 193 A.3d at 427 (seeking dismissal on *forum non conveniens*

grounds concedes venue because "[t]he doctrine [. . .] presumes that venue is proper"). Rather, *forum non conveniens* must be raised by a **petition** pursuant to Rules 1006(d) and 206.1-.7. **See Alford**, 531 A.2d at 795 (providing for petition and answer procedure under former Pa.R.Civ.P. 206, 209); **Siana v. Noah Hill, LLC**, 322 A.3d 269, 277 n.6 (Pa. Super. 2024) (noting Pa.R.Civ.P. 206.1-.7 superseded Pa.R.Civ.P. 209).

Following our review, we conclude that the trial court did not err in ruling that a party seeking dismissal based on *forum non conveniens* must do so via petition including when seeking transfer to another state pursuant to Section 5322(e); contrary to Appellants' assertion, Rule 1006(d)'s petition requirement applies to parties seeking relief in both the intrastate **and** interstate *forum non conveniens* contexts. **See Alford**, 531 A.2d at 794-95 (applying Rule 1006(d)'s petition requirement to dismissal under Section 5322(e)).[6] Further, Rule 1028 provides that preliminary objections are limited

---

[6] Appellees nonetheless appear to have confused the differing standards for intrastate and interstate *forum non conveniens*. **See** Plaintiffs' Response to Preliminary Objections, 11/17/23, at ¶ 30 (discussing "oppressive and vexatious" standard instead of "more convenient forum" standard). We observe that the trial court was aware of the distinction between intrastate and interstate *forum non conveniens* as shown by its discussion of the test for **inter**state *forum non conveniens*: "[Whether] there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively . . . ." Trial Court Opinion at 6-7; **see also Wright v. Consol. Rail Corp.**, 215 A.3d 982, 992 (Pa. Super. 2019) (holding "more convenient forum" standard applies to **inter**state *forum non conveniens* and that the "oppressive and vexatious" standard is only applicable to **intra**state forum non conveniens).

to specified grounds (not including *forum non conveniens*), which forecloses the possibility of raising *forum non conveniens* via preliminary objection. ***See*** Pa.R.Civ.P. 1028(a)(1), Note ("Of the three grounds available to challenge venue, only improper venue may be raised by preliminary objection as provided by Rule 1006(e). *Forum non conveniens* . . . [is] raised by petition as provided by Rule 1006(d)(1) and (2)."). In any event, after our review, a preliminary objection is an inappropriate vehicle with which to raise a *forum non conveniens* claim, especially given that such a claim concedes venue. ***See*** ***Hosiery Corp.***, 476 A.2d at 50-51 (holding *forum non conveniens* may not be raised in preliminary objections); ***Hovatter***, 193 A.3d at 427 ("The doctrine of *forum non conveniens* presumes that venue is proper"); ***see also*** Pa.R.Civ.P. 1028(a)(1), Note (stating *forum non conveniens* may not be raised by preliminary objection and venue must be raised by preliminary objection).[7]

_____

[7] We observe that the procedure for filing a petition to dismiss on *forum non conveniens* grounds requires the petitioner to present sufficient record evidence for the trial court to determine that weighty reasons support dismissal. ***See Alford***, 531 A.2d at 795 (holding that, although trial court must resolve all issues of material fact in *forum non conveniens* challenge by way of petition and answer, court may analyze public factors such as issues of court congestion, community involvement in specific case(s), and difficulties applying foreign law on its own without supporting evidence). Indeed, a petition must be verified if it contains any **contested** allegation of fact unsupported by existing record evidence. ***See id.***; Pa.R.Civ.P. 206.3. Further, there is no requirement for any particular kind of proof. ***Contrast Bratic v. Rubendall***, 99 A.3d 1, 9-10 (Pa. 2014) (holding affidavits are not required but can constitute sufficient evidence for a *forum non conveniens* petition) and ***Powers v. Verizon Pa., LLC***, 230 A.3d 492, 500 (Pa. Super. 2020) (affirming trial court's conclusion that because "Appellant failed to dispute the averments in Verizon's [p]etition with particularity, [] Appellant

*(Footnote Continued Next Page)*

Appellants argue that Appellees' failure to file a preliminary objection to the procedural impropriety of Appellants' preliminary objection constitutes waiver. However, the trial court declined to find waiver under these permissive circumstances, and so do we. *See **Rufo v. Bastian-Blessing Co.**,* 207 A.2d 823, 826 (Pa. 1965) (holding one's failure to file preliminary objections to improper preliminary objections "may" (not *must*) constitute waiver).

---

effectively admitted those averments, based on the admissions or general denial contained in Appellant's [a]nswer.") (original brackets omitted) and ***Daugherty v. Inland Tugs Co.**,* 359 A.2d 465, 466-67 (Pa. Super. 1976) (relying on "unchallenged assertions" from preliminary objections to reverse denial of *forum non conveniens* claim pursuant to federal law/policy considerations under Federal Employers Liability Act) *with **Rubin v. Lehman**,* 660 A.2d 636, 639 (Pa. Super. 1995) (quoting ***Petty v. Suburb. Gen. Hosp.**,* 525 A.2d 1230, 1234 (Pa. Super. 1987) ("We refuse to sanction the transfer of a cause of action premised on the convenience of parties and witnesses on the mere allegation, specifically denied by plaintiff/appellant, of the petitioner.")) and ***Korn v. Marvin Fives Food Equip. Corp.**,* 524 A.2d 1380, 1384 (Pa. Super. 1987) (holding trial court erred when it granted transfer without taking evidence on disputed issues of fact). However, before ruling on the private factors, a trial court must issue an order to allow the petitioner to take depositions and/or conduct other discovery as required, or the court must order the cause for argument on petition and answer. *See **Alford**,* 531 A.2d at 795. Moreover, we note that "[a] trial judge need not be told like a child" how every factor relates to the *forum non conveniens* analysis. *See **Bratic**,* 99 A.3d at 10; ***Powers**,* 230 A.3d at 498; *contrast **Bratic**,* 99 A.3d at 9-10 (holding inconvenience of trial 100 miles away is "patent") and ***Wright**,* 215 A.3d at 993 (holding assertion witnesses in New York and South Carolina would find trial in Philadelphia inconvenient need not be supported by additional evidence) *with **Failor v. FedEx Ground Package Sys., Inc.**,* 248 A.3d 527, 536-37 (Pa. Super. 2021) (holding inconvenience question of fact when distance from scene of incident to Pennsylvania border was only seven miles and distance from homes of witnesses was only twenty miles).

For the foregoing reasons, we find that the trial court did not abuse its discretion in overruling Appellants' procedurally improper preliminary objection.[8] Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/5/2025

---

[8] We note that Appellants may, on remand, still be able to file a petition to dismiss based on a *forum non conveniens* challenge, as, generally, "there are no time limitations" on such a petition. ***See Zappala v. Brandolini Prop. Mgmt., Inc.***, 909 A.2d 1272, 1283 (Pa. 2006). However, the length of time elapsed in the litigation and/or the stage of the proceedings may weigh against finding that the plaintiff's chosen forum is inconvenient. ***See Ficarra v. Consol. Rail Corp.***, 242 A.3d 323, 337-39 (Pa. Super. 2020) (reversing denial of dismissal for eight cases but affirming denial for the ninth because discovery was nearly complete even though the ninth was "nearly identical" in every other material regard).