531 A.2d 792

**Joan ALFORD, Appellant,**

v.

**The PHILADELPHIA COCA–COLA BOTTLING CO., INC.**

Superior Court of Pennsylvania.

Argued June 15, 1987.

Filed Sept. 29, 1987.

Alan Starker, Philadelphia, for appellant.

James P. Bradley, Philadelphia, for appellee.

Before MONTEMURO, KELLY and CERCONE, JJ.

MONTEMURO, Judge:

Appellant Joan Alford challenges the dismissal of her action against appellee Philadelphia Coca-Cola Bottling Company, Inc. The sole issue before us is whether the Philadelphia County Court of Common Pleas abused its discretion when it dismissed the action on the ground of forum non conveniens. Because the court acted prematurely, we reverse and remand for further proceedings.

This dispute arose out of an automobile accident that occurred on December 20, 1985, in Cape May County, New Jersey. An automobile driven by Ms. Alford, a resident of Cape May County, collided with an automobile owned by the Philadelphia Coca-Cola Bottling Company. Greg Baker, an employee of the Bottling Company and also a resident of Cape May County, was driving the Bottling Company automobile at the time. As a result of this mishap, Ms. Alford filed an action in Philadelphia County against the Bottling Company. In response, the Company filed a petition to dismiss the complaint pursuant to 42 Pa.C.S. § 5322(e).[1]

1. Some confusion arose in the trial court about whether a party should seek dismissal pursuant to 42 Pa.C.S. § 5322(e) through a petition or through preliminary objections. The Bottling Company captioned its petition as follows: *"Petition* of defendant ... pursuant

Ms. Alford answered the petition, and the trial court decided the issue on petition and answer alone. By order of November 18, 1986, the court granted the petition to dismiss "without prejudice to plaintiff's right to refile in New Jersey and on the condition that defendant corporation shall accept service of plaintiff's complaint in New Jersey." This appeal followed.

The parties agree that the courts of Philadelphia County can exercise jurisdiction over Ms. Alford's action. They also appear to recognize that venue is proper in Philadelphia. Their disagreement focuses upon the doctrine of forum non conveniens, as embodied by section 5322(e) of the Uniform Interstate and International Procedure Act, 42 Pa.C.S. § 5322(e). Section 5322(e) enables a court to dismiss an action, even though jurisdiction and venue are proper, if the court finds that "in the interest of substantial justice the matter should be heard in another forum." Dismissal under section 5322(e) differs substantially from transfer under Pa.R.C.P. 1006(d). Rule 1006(d)(1) enables the court to transfer an action to another county within the Commonwealth "for the convenience of parties and witnesses." A Rule 1006(d) transfer does not extinguish the litigation. The plaintiff need not refile his or her action in the transferee county. Instead, the Prothonotary of the transferor county simply forwards to the Prothonotary of the transferee county "copies of the docket entries, process, pleadings, depositions and other papers filed in the action." Pa.R.C.P. 1006(d)(3). The action thus continues as if the plaintiff had filed it initially in the transferee county. A section 5322(e) dismissal, on the other hand, terminates the litigation in the courts of this Commonwealth. Unlike the

to 42 Pa.C.S.A. § 5322(e) to dismiss plaintiff Joan Alford's complaint nor, *in the alternative, preliminary objections to dismiss plaintiff Joan Alford's complaint.*" (emphasis added). We recognize no difference between a "petition to dismiss pursuant to 42 Pa.C.S. § 5322(e)" and a "preliminary objection in the form of a petition to dismiss pursuant to 42 Pa.C.S. § 5322(e)." A challenge based on the doctrine of forum non conveniens, unlike *a challenge to personal jurisdiction or to* propriety of venue, is not waived if the challenger fails to raise it in the form of preliminary objections.

intra-jurisdiction transfer of Rule 1006(d), section 5322(e) applies when a tribunal of this jurisdiction determines that a tribunal in another jurisdiction would offer a more convenient and appropriate situs for the action. Because our courts lack authority to transfer cases to the courts of our sister states, dismissal of the action is the only permissible result. *See Schachtel v. Bloche*, 272 Pa.Super. 32, 414 A.2d 654 (1979); *Norman v. Norfolk and Western Railway Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974).

Despite the drastic difference in effect between transfer under rule 1006(d) and dismissal under section 5322(e), both remedies derive from the common law doctrine of forum non conveniens. *See Petty v. Suburban General Hospital*, 363 Pa.Super. 277, 525 A.2d 1230 (1987) (discussing Rule 1006(d) transfer in terms of forum non conveniens); *Beatrice Foods Co. v. Proctor & Schwartz, Inc.*, 309 Pa.Super. 351, 455 A.2d 646 (1982) (discussing section 5322(e) dismissal in terms of forum non conveniens). This court has therefore applied to both interstate and intrastate cases the principles long ago recognized by our supreme court in *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A.2d 549 (1960). *See, e.g., Petty v. Suburban General Hospital, supra* (intrastate); *Korn v. Marvin Fives Food Equip. Corp.*, 362 Pa.Super. 559, 524 A.2d 1380 (1987) (intrastate); *Beatrice Foods Co. v. Proctor & Schwartz, Inc., supra* (interstate); *Norman v. Norfolk and Western Railway Co., supra* (interstate). In both the interstate context under section 5322(e) and the intrastate context under Rule 1006(d), the doctrine of forum non conveniens serves the same essential purpose. It provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances. *See generally Westerby v. Johns-Manville Corp.*, 32 D & C 3d 163 (Phila.1982) (excellent and scholarly discussion by Takiff, J.). Thus, our recent discussions of the doctrine under Rule 1006(d) apply with equal force to the present case.

In *Petty v. Suburban General Hospital, supra* 363 Pa. Super. at 281, 525 A.2d at 1232 (quoting *Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 158 (3d Cir.1980)), we observed that a court should not deprive a plaintiff of his or her chosen forum "unless the defendant clearly adduces facts that 'either (1) establish such oppressiveness and vexation to a defendant so as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.' " These "private and public interest factors" must weigh strongly in favor of the defendant before the court can disturb the plaintiff's choice of forum. *Id.* *See also Korn v. Marvin Fives Food Equip. Corp., supra.* Among the private interests that the court must consider, we included the following:

> the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Petty, supra*, 363 Pa.Super. at 281–282, 525 A.2d at 1232. To this list, we added some of the public interests that also must weigh into the court's analysis:

> problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law.

*Id.* *See also Plum v. Tampax, Inc., supra.* We have viewed the failure to weigh these interests as a reversible abuse of discretion. *See Petty, supra; Korn, supra.*

■ The trial court, of course, can determine without supporting evidence such matters of public interest as the possibility of court congestion, the extent of community

involvement in the outcome of the litigation and the difficulties of applying foreign law. An informed assessment of the private interests at stake and of the particular circumstances that affect the public interest, however, often requires the court to resolve disputed issues of fact. For example, parties usually disagree about the availability of witnesses and the accessibility of physical evidence. On petitions to transfer pursuant to Rule 1006(d), the parties and the court must resolve all "material issues of disputed fact" through the procedures established by Pa.R.C.P. 209. *See Petty, supra; Hosiery Corporation of America v. Rich,* 327 Pa.Super. 472, 476 A.2d 50 (1984). Rule 209 provides an efficient means of addressing disputed factual issues that often arise from the exchange of petition and answer. Because a petition to dismiss pursuant to section 5322(e) raises the same kind of fact issues that a petition to transfer raises, the Rule 209 procedures apply equally to both. A section 5322(e) petitioner therefore must either "take depositions on disputed issues of fact" or "order the cause for argument on petition and answer." Pa.R.C.P. 209(a) and (b). If the petitioner chooses to "order the cause for argument" rather than take depositions, the court will consider as true all responsive allegations of fact in the answer to the petition. If the petitioner fails to pursue either course, his or her opponent may praecipe for a rule requiring the petitioner to show cause why he or she should not comply with the prescribed procedure. Nevertheless, until one of the parties acts pursuant to Rule 209, or until the court on its own initiative has "spurred" the parties to act, the court cannot dispose of the petition on the merits. *See Bell v. Jefferson Republican Club,* 304 Pa.Super. 157, 450 A.2d 149 (1982); *Nigrelli v. Cody,* 281 Pa.Super. 156, 421 A.2d 1195 (1980); *Getzik v. Spiegel,* 280 Pa.Super. 175, 421 A.2d 462 (1980); *Maurice Goldstein Co., Inc. v. Margolin,* 248 Pa.Super. 162, 374 A.2d 1369 (1977). *But cf. Cross v. 50th Ward Ambulance Company,* 365 Pa.Super. 74, 528 A.2d 1369 (1987) (court need not proceed under Rule 209 when petition is patently frivolous or inadequate).

In the present case, the Bottling Company's petition to dismiss, and Ms. Alford's answer, raised several questions of fact material to the issue of forum non conveniens. The company averred, for example, that all fact witnesses in this case reside in New Jersey, that Ms. Alford received medical care for her injuries primarily in New Jersey and that Ms. Alford would "not suffer any hardship" if required to litigate her claims in New Jersey courts. Ms. Alford denied these and other averments of fact made by the Bottling Company in its petition. The parties, however, failed to act pursuant to Rule 209 to resolve their disagreements. Moreover, the court did nothing to "spur" the parties along.[2] Instead, it decided to dismiss the action on petition and answer alone. We will not permit either the transfer or the dismissal of an action for reasons of forum non conveniens when issues of material fact remain unresolved. *See Petty, supra; Korn, supra.* A plaintiff's choice of forum "is entitled to weighty consideration," and a court should not frustrate that choice lightly. *Fox v. Pennsylvania Power & Light Co.,* 315 Pa.Super. 79, 82, 461 A.2d 805, 806 (1983). We therefore reverse and remand for Rule 209 proceedings on all issues of material fact.

We recognize that in *Petty,* we simply reversed the order of transfer without remanding for evidentiary proceedings under Rule 209. The procedural posture of the *Petty* case, however, differs slightly from that of the present case. In *Petty,* the trial court ordered the petitioner to take depositions on disputed issues of fact. The petitioner responded by taking one deposition, which failed to support the decision to transfer. In the present case, on the other hand, neither the court nor the parties ever put the Rule 209 machinery in motion. Thus, while the petitioner in *Petty* failed to meet its evidentiary burden even though the court

---

**2.** Philadelphia County Local Rule of Civil Procedure 140(D) enables the motions judge to order the parties to proceed as required by Rule 209 when the judge determines that the petition and answer present "disputed issues of fact." We find no evidence in the record that the court in this case invoked its authority under Local Rule 140(D) to "spur" this action along.

allowed it to do so, the Bottling Company in this case has not had the opportunity to meet its burden.

For the foregoing reasons, we reverse the order dismissing this action and remand for further proceedings. Jurisdiction is relinquished.