In re Appeal of Thomas B. DAMAN and Judith K. Daman, his wife, from the Tax Assessment for the Year 1992 on property situate in Rochester Borough, Beaver County, Pennsylvania,

Thomas B. Daman and Judith K. Daman, his wife, Appellants.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 16, 1996.
Decided Dec. 31, 1996.
Reconsideration Denied March 10, 1997.

Thomas B. Daman, pro se, appellant.

Aileen M. Bowers, Assistant Solicitor, Beaver, for appellee.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Thomas B. Daman and Judith K. Daman (Taxpayers) appeal from an order of the Court of Common Pleas of Beaver County (trial court) which granted the petition filed by the County of Beaver (County), to quash Taxpayers tax assessment appeal. We affirm.

The procedural history of this case is as follows. Taxpayers are the owners of a parcel of real estate located in the County. The Beaver County assessment office (Office) assessed the fair market value of the premises for the upcoming 1992 tax year at $47,000. Taxpayers filed a timely appeal from that assessment to the Board of Assessment Appeals (Board) which heard the matter and determined that no change in the assessment should be made. On November 6, 1991, the Taxpayers presented to the trial court a petition for appeal requesting permission to appeal the Board's decision.[1] The court signed the order allowing the appeal and the order was filed. No further action was taken in the matter until December 9, 1994, when the County filed a petition to quash.

In its petition to quash, the County alleged that the Taxpayers failed to give notice of the filing of the petition for appeal either to the County or to any of the other taxing districts, as is required by Beaver County Local Rule L8000. On December 9, 1994, the trial court issued a rule to show cause why the Taxpayers' assessment appeal should not be dismissed. Taxpayers complied and filed an answer the same day alleging that notice had

1. The petition for appeal was lodged in the office of the prothonotary on November 4, 1991; it was presented to the trial court on November 6, 1991.

been given to the appropriate authorities. The trial court directed that the parties should proceed in accordance with Pa. R.C.P. No. 209 (Rule 209).[2] On January 25, 1995, the County filed a praecipe for argument.

After argument, the trial court, in its opinion, stated that whether the Taxpayers gave proper notice of filing of the petition for appeal was a disputed issue of fact. Therefore, in accordance with Rule 209, depositions should have been taken by the moving party.

> Rule 209 provides that when an answer to the rule has been filed and there is a disputed issue of fact, the moving party shall '[p]roceed ... to take depositions on disputed issues of fact[.]' On the other hand, if the moving party does not take depositions, but rather lists the matter 'for argument on petition and answer[,]' then 'all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for purposes of the rule[.]'

(Trial court opinion of June 29, 1995, p. 3)

Thus, although the County attached to its brief affidavits which supported its position, the affidavits did not comply with Rule 209. Therefore, Taxpayers' allegation, that proper notice was given, was deemed admitted and the trial court dismissed County's petition to quash *without prejudice.*

However, the trial court also determined that Taxpayers did not comply with Rule 209. The court noted that, to place the case in a procedural posture which would permit the court to dismiss the petition to quash with prejudice, the Taxpayers were required to petition the court to issue a rule upon the County to show cause why depositions should not be taken. As Taxpayers did not do that, the court "dismiss[ed] the Petition to Quash, without prejudice to the right of the county to proceed to take depositions under [R]ule 209(a) or the taxpayers' right to rule the county under [R]ule 209(b)." (Trial court opinion of June 29, 1995 at p. 3.)

Thereafter, the County proceeded to take depositions of the chief assessor for Beaver County, the borough manager of the Borough of Rochester, the business manager of the Rochester Area School District, and the appraisal supervisor for Beaver County. Subsequent to these individuals being deposed, the County again filed a praecipe for argument on July 27, 1995.

Based on the depositions provided by County, as Taxpayers neither gave nor took any depositions, the trial court determined that Taxpayers, who filed their petition requesting allowance of their assessment appeal on November 6, 1991, never gave notice to the County or to the other taxing entities as is required by Local Rule L8000. Because Taxpayers failed to comply with the notice provision, the trial court granted County's petition to quash the Taxpayers' appeal.

■ On appeal, Taxpayers maintain that the disputed issue of fact of whether they provided proper notice of their tax appeal under Local Rule L8000 was resolved in their favor on June 13, 1995, when the trial court dismissed County's petition to quash. Thus, as the issue of notice had been decided, it was error to relitigate the issue and then rule against them.

■ In accordance with Rule 209, the burden is on the moving party to support his allegations of fact by depositions. *Instapak Corp. v. S. Weisbrod Lamp & Shade Co.,* 248 Pa. Superior Ct. 176, 374 A.2d 1376 (1977). *"If after being ruled to proceed,* the petitioner does not take depositions, the factual allegations of his opponent will be taken as true." *Id.* at 181, 374 A.2d at 1378 (emphasis added). In this case, the trial court observed that, although County presented affidavits, it failed to take depositions in accordance with Rule 209. However, Taxpayers did not rule the County to proceed via the taking of depositions or the hearing of the case based on petition and answer. As stated in *Alford v. Philadelphia Coca–Cola Bottling Co., Inc.,* 366 Pa. Superior Ct. 510, 531 A.2d 792 (1987), when a petitioner fails to take depositions or list the case for argument on the petition and answer, the opponent may praecipe for a rule

---

2. Pa. R.C. P. Nos. 206 to 209 were rescinded September 8, 1995, effective January 1, 1996. The subject matter of the rescinded rules, which relate to petitions and answers, is now found at Pa. R.C.P. Nos. 206.1 to 206.7.

to show cause why petitioner should not comply with the prescribed procedure. "Nevertheless, until one of the parties acts pursuant to Rule 209 ... the court cannot dispose of the petition on the merits." *Id.* at 515, 531 A.2d at 795.

As neither party in this case proceeded in accordance with Rule 209, inasmuch as County supplied affidavits, not depositions, and Taxpayers did not praecipe for a rule to show cause why County should not proceed in accordance with Rule 209, the trial court properly dismissed the petition to quash without prejudice on June 13, 1995. Thereafter, once one of the parties complied with the procedure in Rule 209, namely the County having taken depositions, and the County having again filed a praecipe for argument on July 27, 1995, the trial court was then in a position to decide the County's petition to quash on the merits. Specifically, the trial court determined that, based on the depositions provided by the County, Taxpayers failed to notify the County and the other taxing authorities of their tax assessment appeal in accordance with Local Rule L8000. As Taxpayers failed to provide notice of the appeal, we affirm the decision of the trial court granting County's petition to quash.

### ORDER

NOW, December 31, 1996, the order of the Court of Common Pleas of Beaver County, No. 1823, entered November 16, 1995, is affirmed.